IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JIMMY DWAIN HOUSE, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 3:08-CR-00010 (CAR) |
| VS. | : | NO. 3:11-CV-90105 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Petitioner Jimmy Dwain House has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 42. Petitioner's motion is untimely under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and Petitioner has failed to show adequate grounds for equitable tolling. Accordingly, it is **RECOMMENDED** that the motion be **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

On May 22, 2008, a single-count indictment was returned in this Court charging Petitioner Jimmy Dwain House with distributing more than five grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 18 U.S.C. § 2. Doc. 1. On April 22, 2009, Petitioner pleaded guilty to the indictment as charged. Doc. 33. Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), which determined a base offense level of 28. The PSR proposed a two-point enhancement for obstructing or impeding the administration of justice pursuant to U.S.S.G. 3C1.1, due to Petitioner's failure to appear for a scheduled pre-trial conference. See Doc. 48. The PSR also denied a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1 based on

1

his failure to appear for the pre-trial conference. Id. On July 10, 2009, the District Court adopted the findings of the PSR and assessed a total offense level of 30 and a criminal history category of three, yielding a sentencing range of 121 to 151 months. Petitioner was sentenced on the low end of that sentencing range to a term of 121 months in prison, to be followed by five years of supervised release. Doc. 37. Final Judgment was entered on July 13, 2009. Doc. 39. Petitioner did not file an appeal. On April 28, 2011, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 42.

## DISCUSSION

Respondent contends that Petitioner's Section 2255 motion should be dismissed as time-barred because Petitioner failed to submit his petition within one year of Petitioner's conviction becoming final. A motion pursuant to Section 2255 must be filed within one year of "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1).[1] When a petitioner does not appeal his conviction or sentence, the judgment becomes final when the time for seeking that review expires. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Here, Petitioner failed to file his Section 2255 motion within the one-year statutory requirement. At the time judgment was entered against Petitioner, a criminal defendant had ten days to file a notice of appeal. FED. R. APP. P. 4(b)(1)(A) (2005) (amended 2009).[2] Petitioner did not file a notice of appeal. Petitioner's conviction therefore became final on July 23, 2009, ten days after final judgment was entered. Petitioner then had one year, or until July 23, 2010, to file

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2255(f); however, none of these grounds are applicable in this case.
[2] Under the current rules, a defendant has fourteen days to file a notice appeal. Fed. R. App. P. (4)(b)(1)(A) (eff. Dec. 1, 2009).

his Section 2255 motion. Petitioner did not file his Section 2255 motion until April 28, 2011, over nine months after the period of limitations had run.

Petitioner has failed to show that he is entitled to equitable tolling of the one-year period of limitations. The one-year limitation period may be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). Equitable tolling is therefore only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence. Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007). If petitioner's delay in filing results from a lack of due diligence, courts need not consider whether extraordinary circumstances exist. Id. Moreover, "[e]quitable tolling is an extraordinary remedy and is applied sparingly." Id. (citing Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2003).

In this case, Petitioner cites his lack of knowledge that a Section 2255 motion was an available avenue to challenge his sentence as the reason for his failure to timely file the motion. Petitioner has failed to provide evidence of extraordinary circumstances or due diligence. Accordingly, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Because Petitioner failed to timely file his Section 2255 motion, and because Petitioner has failed to establish that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473,

483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 11th day of May, 2012.

                                                  s/ Charles H. Weigle_____
                                                Charles H. Weigle
                                                United States Magistrate Judge